# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BANNER,<br><br>  Petitioner,<br>v.<br>G.J. JANDA, WARDEN,<br>  Respondent | Civil No. 13-CV-0808-MMA (BGS)<br><br>**REPORT AND RECOMMENDATION DENYING PETITIONER'S WRIT OF HABEAS CORPUS** |

This Report & Recommendation is submitted to United States District Judge Michael M. Anello pursuant to 28 U.S.C § 636(b)(1) and Local Civil Rule HC.2.

## I. INTRODUCTION

Lawrence Banner (herein "Banner") is a state prisoner proceeding *pro se* and *in forma pauperis* on a Petition for Writ of Habeas Corpus (herein "Petition") pursuant to 28 U.S.C. § 2254. (Doc. No. 1 at 1.) Banner is challenging prison disciplinary proceedings in which he was found guilty of conspiracy to introduce a controlled substance with intent to distribute in violation of California Code of Regulations, Title 15, section 3016c. (*Id*. at 7.) For the reasons discussed below, the Court recommends the Petition be **DENIED** and that this action be **DISMISSED WITH PREJUDICE.**

## II. FACTUAL BACKGROUND

On June 5, 2011, after a contact visit with a friend in the D-facility visiting area, Banner found a small bindle of what he thought could be marijuana. (Doc. No. 1 at 14.) Although Banner claims he was not certain the package contained marijuana, he nevertheless hid the bindle inside his mouth because knew he would have to undergo an unclothed post-visitation body search before reentering the prison. (*Id*.) During the search, a correctional officer spotted and confiscated the bindle. (*Id*. at 14, 38-39.) A field test revealed the bindle contained eight smaller, individually-wrapped pouches, each of which weighed approximately 0.2 grams and tested positive for opiates/heroin. (*Id.* at 15, 38, 40.) Banner claims a second field test revealed the eight individual pouches tested positive for marijuana. (*Id*. at 66.)

Banner was subsequently charged with conspiracy to introduce a controlled substance with the intent to distribute. (*Id*. at 53.) The Serious Rules Violation Report indicates that while Banner did not initially request a continuance of his hearing on the conspiracy charge, on July 4, 2011, he requested a postponement of his hearing pending the outcome of the prison's referral of the incident for felony prosecution. (*Id*. at 48.) However, on August 13, 2011, Banner revoked his request for postponement of a hearing; waived his right to have an Investigative Employee assigned to the case; and indicated he would not request any witnesses at the hearing. (*Id.*)

A hearing was held on August 19, 2011. (*Id*. at 49.) At the hearing Banner stated "I plead guilty to having dope." (*Id.*) He also said, with respect to the bindle found in his mouth, "I could have swallowed it, but I didn't. I saw the bindle and I took it." (*Id.*) Following the August 19, 2011 hearing, Banner was found guilty of the conspiracy charge in violation of California Code of Regulations, Title 15, section 3016c. (*Id*. at 15, 49.) In addition to temporary privilege reductions, Banner received a 180-day credit loss. (*Id.*)

Banner contends, however, that *before* the August 19, 2011 hearing began, he informally discussed a possible plea agreement with Lt. Nelson, a correctional officer who claimed to have information pertinent to Banner's defense. (*Id*. at 25-26.) Banner also

alleges Lt. Nelson informed him "he could see to it that [Banner] receives a 'possession' charge based upon his full cooperation with the investigation." (*Id*. at 26.) Banner claims the hearing on August 19, 2011 began, but was suspended in order for the hearing officer to contact Lt. Nelson regarding Banner's potential to receive a possession charge as opposed to a conspiracy charge. Banner contends the hearing was never reconvened after being suspended. *(Id.)*

### III. PROCEDURAL BACKGROUND

After Banner was found guilty at the August 19, 2011 disciplinary hearing, he appealed the decision up to the third and final level of administrative review. (Doc. No. 1 at 106, 113.) Specifically, in Banner's second level administrative appeal, he requested dismissal of the conspiracy charge against him or in the alternative, a reduction of the conspiracy charge to possession. (*Id.* at 107.) Banner also claimed the correctional officer inappropriately found him guilty of the conspiracy charge without hearing from a requested witness and without completing the hearing. (*Id.* at 107.) Banner's request to have the charge against him dismissed or reduced was denied. (*Id.* at 109.)

Banner then appealed to the third level of administrative review and raised the same issues; thereby exhausting his administrative remedies. (*Id.* at 110-11.; *see also* Exh. 3 to Notice of Lodgment at 007.) Banner's due process claim was rejected and the examiner found all due process requirements were met with respect to Banner's hearing. (*Id.* at 111.)

On April 20, 2012, Banner filed a Petition for Writ of Habeas Corpus in Imperial County Superior Court of California, where he alleged: (1) he did not plead guilty to conspiracy, (2) he was not allowed to present witnesses at the hearing on the conspiracy charge, and (3) he was not given a complete hearing. (*Id*. at 128.) On May 31, 2012, the Superior Court denied the petition. (*Id*. at 128.) The court reasoned:

> "The Court finds that petitioner was afforded due process of law. The court's review of the evidence is limited as to whether the decision of the hearing officer is supported by some evidence. (*In re Zepeda* (2006) 141 Cal. App. 4th 1493, 1500.) Petitioner's possession admission coupled with the timing and circumstances of the search constitute some evidence in support of the charge."

(*Id*. at 129.)

On September 12, 2013, Banner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, Fourth Appellate District, Division One. (Doc. 1 at 134.) The appellate court similarly denied the petition, concluding that there was "some evidence" as required under *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), to support the decision of the prison disciplinary hearing:

> "Petitioner [Banner] is incarcerated at Calipatria State Prison. During a strip search of petitioner after he had a contact visit at the prison, the prison officer found a bindle of heroin containing eight smaller bindles of heroin in petitioner's mouth. Petitioner pled guilty to possessing the heroin. He was found guilty of conspiracy to introduce a controlled substance with the intent to distribute it in the prison and received administrative discipline.
>
> Petitioner contends he was denied due process because he did not plead guilty to the charge of which he was found guilty, but pleaded guilty to mere possession of the substance. He argues a full hearing was not completed and he was not allowed to present witnesses. He claims he is not guilty of the charge and that he simply found the bindle on the floor of the strip room and put it in his mouth....
>
> Petitioner has not shown a denial of due process or that he was not afforded a full hearing and the opportunity to present witnesses. He admitted possessing a bindle of heroin, which the prison officer found on his person immediately after he left a contact visit. The heroin had been packaged into eight small bindles. Some evidence supports the hearing officer's finding that petitioner conspired to introduce a controlled substance with the intent to distribute it in prison."

(Doc. 1 at 134-135.)

Banner then filed a Petition for Writ of Habeas Corpus in the Supreme Court of California. (*Id.* at 147; *see also* Exh. 5 to Notice of Lodgment at 0036.) The California Supreme Court denied Banner's petition without citation or comment. (Doc. No. 1 at 147, *see also* Exh. 5 to Notice of Lodgment at 0067.)

Banner filed the instant federal Petition on April 3, 2013. (Doc. No. 1.) Respondent filed an answer to the Petition on June 7, 2013. (Doc. No. 6.)

//
//
//
//

## IV. PETITIONER'S CLAIMS

**A. Due Process**

Banner asserts he is entitled to federal habeas relief because the California Department of Corrections and Rehabilitation violated his Fourteenth Amendment due process rights during the disciplinary hearing on August 19, 2011. (Doc. No. 1 at 6.) Specifically, Banner alleges the senior hearing officer denied him the right to call a key witness and improperly claimed, in documents summarizing the hearing, that Banner pled guilty to the conspiracy charge. (*Id.* at 25-26.) Banner argues he only admitted guilt as to the possession charge, *not* conspiracy, prior to the hearing in order to secure a possible plea deal. (*Id.*) Banner contends his admission was erroneously construed as a guilty plea with respect to the conspiracy charge. (*Id.*) When Banner attempted to call a correctional officer as a witness during the hearing, Banner claims the senior hearing officer suspended the proceeding.(*Id.*) As a result, Banner contends he was only made aware that he pled guilty after the hearing was terminated and never resumed. (*Id.* at 5-6.)

Respondent opposes Banner's allegations that the senior hearing officer suspended the hearing, falsified documents, and denied Banner's request to call witnesses on the ground that nothing in the record supports those claims other than Banner's self-serving allegations. (Doc. No. 6 at 4, 6 and 9.)

**B. Insufficient Evidence**

Banner also claims there was insufficient evidence to convict him of the conspiracy charge. He states that the field test results of the bindle's contents are inconclusive and contradictory. (*Id.* at 16.) Specifically, Banner contends the first field test conducted on the bindle was positive for "opiates/heroin," while the second test returned positive results for "marijuana/THC." (*Id.* at 89.) Banner also argues the bindles were not individually opened, not individually tested and therefore, the contents of the bindles remain unproven. (*Id.* at 28-29.)

Respondent opposes Banner's contention on the ground that the California Court of Appeal properly found "some evidence" to support a finding of conspiracy to introduce a Schedule I controlled substance into the prison with the intent to distribute it; including Banner's admission to possession of the bindle, the discovery of the bindle after Banner's contact visit with a friend and the eight individually-packaged substances found inside the bindle. (Doc. No. 6 at 7-8.)

## V. STANDARD OF REVIEW

A federal district court may review a petition for writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act ("AEDPA") "on behalf of a person in custody pursuant to the judgment of a State court" so long as he is in custody in violation of the Constitution or other federal law. 28 U.S.C. § 2254(a). Under the AEDPA, a federal court may not grant habeas relief, unless the state court's adjudication was either: (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by Supreme Court precedent; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. 28 U.S.C. § 2254(d).

To establish that the state court unreasonably applied established federal law, Banner must prove the state court's application of Supreme Court precedent was incorrect and objectively unreasonable. *Harrington v. Richter*, 131 S. Ct. 770, 777 (2013). "If some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied." *Loggins v. Thomas*, 654 F.4d 1204, 1220 (11th Cir. 2011); *Harrington,* 131 S. Ct. at 784 (stating this standard is difficult to meet, as the prisoner must show the state court's ruling on established law goes beyond fairminded disagreement). "An unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). Hence, the reviewing court may only grant habeas relief if the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 365.

Furthermore, habeas relief under the AEDPA can also be granted when the state court makes an unreasonable factual determination. 28 U.S.C. § 2254(e)(1). The decision cannot be overturned unless the determination was "objectively unreasonable in light of the evidence presented in the state-court proceeding." *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)). The reviewing federal court must "more than merely doubt whether the process operated properly" before determining the state court fact-finding process was defective in a material way. *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004). The state court's factual determinations are presumed correct, and the federal court must accept all factual findings made by the state court unless the prisoner can rebut the presumption by clear and convincing evidence. *Id*; 28 U.S.C. § 2254(e)(1).

## VI. ANALYSIS

When applying the AEDPA standard for habeas relief, the federal court reviews the state court's last reasoned decision. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). When the highest state court issues a summary denial, as was done by the California Supreme Court in this case, the denial is presumed to rest on the same ground as the previous reasoned state judgment. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), (explaining that unexplained orders upholding or rejecting the prior order rest upon same ground as that prior order).

Specifically, federal courts must look through ambiguous or unexplained state court decisions to the last reasoned decision in order to determine whether the state court made an unreasonable and incorrect determination of federal law or made an unreasonable factual determination. *Medley v. Runnels*, 506 F.3d 857, 862 (9th Cir. 2007); *Bailey v. Rae*, 339 F.3d 1107, 1112–13 (9th Cir. 2003). Here, the California Court of Appeal's decision rejecting Banner's due process and insufficient evidence claims is the last reasoned decision and is, therefore, entitled to AEDPA deference.

Banner has failed to show the state appellate court's decision affirming the guilty finding of the disciplinary hearing was "contrary to, or involved an unreasonable application of, clearly established law," or involved "an unreasonable determination of the facts in this case. 28 U.S.C. §§ 2254(d)(1), (d)(2). For the reasons set forth below, Banner is not entitled to federal habeas relief.

**1. Due Process**

When a person is imprisoned for a crime, he does not relinquish his constitutional protections. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Inmates subject to disciplinary action are entitled to certain constitutional rights, including rights under the Fourteenth Amendment's due process clause. *Id.* A prison disciplinary hearing, however, is not part of a criminal prosecution; therefore, "the full panoply of rights due a defendant in such proceedings does not apply." *Id*. The rights afforded an inmate are "subject to restrictions imposed by the nature of the regime to which [he has] been lawfully committed." *Id*. Due process considerations must be balanced with the state's interest in maintaining safety and order in the prison environment. *Id*. at 560-62. This is a flexible approach, requiring that, before a prisoner's good-time credits can be revoked, the prisoner must be afforded "minimum requirements of procedural due process appropriate for the circumstances." *Id*. at 558.

To meet these "minimum requirements," the institution must first give the charged inmate "advance written notice of the claimed violation" and a written statement explaining the evidence against the inmate and the reasons for the disciplinary action. *Id*. at 563. Second, the accused must be given an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id*. at 566. The second requirement is subject to the "sound discretion of correctional officials." *Id*. at 568 (granting correctional officers the authority to deny a prisoner the right to cross-examine witnesses when they believe it could be dangerous or disruptive).

In this case, Banner does not dispute he received notice of the rules violation hearing. (Doc. No. 1 at 48.) Instead, Banner contends the presiding officer at the hearing on his rules violation charge did not allow him to question a witness, suspended the hearing, and wrongly entered a guilty plea on his behalf in violation of his Fourteenth Amendment due process rights. (*Id.* at 17-18.) The California Court of Appeal rejected Banner's claims and found he failed to show a denial of due process or that he was not afforded a full hearing and the opportunity to present witnesses. (*Id.* at 134.) The record supports the state appellate court's finding. After receiving notice of the charge against him, on August 13, 2011, Banner declined, in writing, the opportunity to present witnesses at the hearing. (*See* CDC Form 115A Serious Rules Violation Report, Doc No. 1 at 48.) The record also reflects that a hearing, regardless of its length, was indeed held in front of Lieutenant J.D. Callahan on August 19, 2011. (Doc. No.1 at 54-55.)

Even if, as Banner argues, he spontaneously requested a witness on the morning of his hearing, despite previously having waived that right on his CDC-115 form, the fact that the witness did not appear does not change the reasonableness of the state appellate court's analysis. Legitimate institutional needs and penological concerns circumscribe a prisoner's right to call witnesses and present evidence in a disciplinary hearing. *Ponte v. Real*, 471 U.S. 491, 495, 499 (1985) (explaining "'[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority....'"); *see also Wolff*, 418 U.S. at 566 (disciplinary board may refuse to call a witness for reasons of "irrelevance, lack of necessity, or the hazards presented in individual cases."). Banner's contention that he was not allowed to call Lt. Nelson, the correctional officer who he claims "could see to it that [Banner] receive[d] a 'possession' charge...," did not violate due process because Banner had already admitted possessing the contents of the bindle. Lt. Nelsons' anticipated testimony regarding possession was redundant and unnecessary in light of Banner's admission. Accordingly, the

1  senior hearing officer was well within the limits of his discretion to refuse Banner's
2  impromptu witness under *Wolff*.
3    Finally, as to Banner's allegation that the senior hearing officer falsely indicated in an
4  official report following the hearing that Banner pleaded guilty to conspiracy when he
5  actually only pleaded guilty to possession, the state appellate court found "Petitioner has not
6  shown a denial of due process" based on those allegations.  (Doc. No. 1 at 134.)  The court of
7  appeal's ruling that due process was not implicated by the facts is supported by clearly
8  established federal law.  Numerous federal courts have held that constitutional errors in
9  connection with disciplinary hearings are subject to harmless error.  *See e.g. Jones v. Cross*,
10 637 F.3d 841, 846-47 (7th Cir. 2011); *Brown v. Braxton*, 373 F.3d 501, 508 (4th Cir. 2004);
11 *Elkin v. Fauver,* 969 F.2d 48, 53 (3d Cir. 1992); *Powell v. Coughlin*, 953 F.2d 744, 750 (2d.
12 Cir. 1991).  Assuming *arguendo*, that the report of the senior hearing officer erroneously
13 failed to make clear that Banner pled guilty *only* to possession of a controlled substance and
14 not conspiracy to distribute; it nevertheless follows that the factual misstatement in the report
15 was harmless.  The record reflects Banner was given: (1) advance written notice of the
16 charge; (2) an opportunity to call witnesses, which he declined or was otherwise denied; and
17 (3) a written statement explaining the evidence against him as well as the reasons for the
18 disciplinary action. (Doc.  No. 48-51.)  Moreover, as explained in Section VI, subsection 2,
19 *infra.*, the senior hearing officer's finding and the decision of the state appellate court
20 upholding that finding were not based on a notation in the hearing officer's report that
21 Banner pled guilty to conspiracy, but on "some evidence" in the record demonstrating
22 conspiracy to introduce a Schedule I controlled substance into the prison with the intent to
23 distribute it.  Consequently, the state appellate court's finding that Banner did not show a
24 denial of due process or  the denial of a hearing and the opportunity to present witnesses is
25 neither "contrary to, nor an unreasonable application of, clearly established law" or based on
26 an unreasonable determination of the facts.  The Court **RECOMMENDS** this claim be
27 **DENIED.**
28

**2. Some Evidence to Support Finding of Guilt**

Under the United States Supreme Court's decision in *Superintendent v. Hill*, 472 U.S. 445 (1985), a prisoner's due process rights are satisfied if there is some evidence to support a disciplinary finding. *Id.* at 455-56. No testing or analysis is necessary to meet the "minimum requirements" of due process required in these circumstances. *Wolff*, 418 U.S. at 563, 566. The Supreme Court has differentiated the due process requirements among different types of proceedings, and prison disciplinary hearings have the lowest requirements. *United States v. Segal*, 549 F.2d 1293, 1296 (9th Cir. 1977). Consequently, the "some evidence" standard is "minimally stringent." *Powell v. Gomez*, 33 F. 3d 39, 40 (9th Cir. 1994). The standard is met if there is "any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent*, 472 U.S. at 455-56. The standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence," rather, it requires only a modicum of evidence to support the decision reached by the prison disciplinary officer. *Id.* To fail to meet the "some evidence" standard, the record must be "so devoid of evidence that the findings of the disciplinary board [are] without support or otherwise arbitrary." *Id.* at 456.

In this case, Banner contends his constitutional due process rights were violated because the record does not support a guilty finding on the charge of conspiracy to introduce a controlled substance with intent to distribute. (Doc. No. 1 at 28.) Specifically, Banner cites the conflicting field test results and photographs of allegedly unopened bindles as evidence that the contents of the bindle were unproven. The California Court of Appeal rejected Banner's argument and explained that despite Banner's admission of guilt only as to possession, there was some evidence to support a guilty finding on the conspiracy charge including facts that:

> "[he] admitted possessing a bindle of heroin, which the prison offer found on his person immediately after he left a contact visit [and][t]he heroin had been packaged into eight small bindles."

(*Id.* at 134.)

The court of appeal correctly identified the legal principles governing this case. *See Cullen*, 131 S.Ct. at 1399 (citing *Williams*, 529 U.S. at 413). Moreover, the record supports the state appellate court's decision that "some evidence" exists to uphold the senior hearing officer's guilty finding on the conspiracy with intent to distribute charge. It is undisputed that a correctional officer discovered a bindle of eight individually-wrapped pouches of heroin inside Banner's mouth directly after a contact visit with an un-incarcerated friend. (Doc. No. 1 at 61-65.) When the correctional officer performed a field test on the bindle's contents, it tested positive for heroin. *(Id.* at 66.) A subsequent field test was positive for marijuana. *Id.* Both of these drugs are indistinguishable Schedule I controlled substances with respect to the conspiracy charge under Cal. Code of Regs., Title 15, section 3016c. Therefore, the conflicting test results have no bearing on the court of appeal's analysis especially in light of Banner's admission to "having dope." *(Id.* at 50.) Based on the timing and the packaging of the controlled substance found on Banner, the state court reasonably applied federal law's "some evidence" principle to those facts and rendered a justified decision. *Harrington*, 131 S.Ct. at 786 (citing *Yarborough*, 541 U.S. at 664); 28 U.S.C. §§ 2254(d)(1)-(d)(2). As such, Banner fails to meet his burden under AEDPA. Accordingly, this Court **RECOMMENDS** Banner be **DENIED** federal habeas relief on this claim as well.

### 3. Request for an Evidentiary Hearing

In Banner's Traverse, he requests an evidentiary hearing on his claims. (*See* Traverse, Doc. No. 10 at 3.) Evidentiary hearings in § 2254 cases are governed by AEDPA, which "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petitioner's factual allegations, which if true, would entitle the applicant to habeas relief." *Schriro v. Landrigan,* 550 U.S. 465, 474-75 (2007). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not

required to hold an evidentiary hearing." *Id*.  The due process issues raised by Banner can be resolved with reference to the ample administrative and state court record.  Accordingly**, IT IS RECOMMENDED** Banner's request for an evidentiary hearing be **DENIED**.

### VII. CONCLUSION

Based on the foregoing reasons, the Court **RECOMMENDS** the District Judge: (1) approve and adopt this Report and Recommendation, and (2) direct that the judgment be entered **DENYING** Banner's Petition for Writ of Habeas Corpus.

**IT IS ORDERED** that no later than seventeen **(17)** days after receiving a copy this Report & Recommendation, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within fourteen (14) days of being served with the objections.

**DATED**: February 24, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court