# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BANNER,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br><br><br><br>G.J. JANDA, WARDEN,<br><br>　　　　　　　Respondent. | CASE NO. 13cv808-MMA-BGS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**;<br><br>[Doc. No. 11]<br><br>**OVERRULING PETITIONER'S OBJECTIONS**;<br><br>[Doc. No. 16]<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS**;<br><br>[Doc. No. 1]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

　　Petitioner Lawrence Banner, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. Doc. No. 1. Petitioner challenges prison disciplinary proceedings in which he was found guilty of conspiracy to introduce a controlled substance with intent to distribute in violation of California Code of Regulations, Title 15, section 3016c. Specifically, Petitioner alleges violations of his procedural and substantive due process rights. Respondent answered the petition, and Petitioner filed a Traverse. Doc. Nos. 6, 10.

The matter was referred to United States Magistrate Judge Bernard G. Skomal for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), and Civil Local Rule HC.2. Judge Skomal issued a well-reasoned and thorough Report recommending the Court deny the petition. Doc. No. 11.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). Petitioner filed objections to the Report and Recommendation. Doc. No. 16.

Petitioner objects on two grounds. First, Petitioner contends that he was not afforded a full and fair hearing, and therefore his due process rights were violated. However, as Judge Skomal correctly found, the record reflects that Petitioner received advance written notice of the charge, an opportunity to call witnesses—which he declined in writing prior to the hearing or was otherwise denied—and a written statement explaining the evidence against him. Further, a hearing was held on August 19, 2011. As such, Petitioner was not denied procedural due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). Second, Petitioner asserts that he was found guilty based on insufficient evidence because the prison officials did not confirm the field test results in a laboratory, as required by California Code of Regulations, Title 15, section 3290(f). Petitioner, however, misconstrues the federal requirements for due process. "[D]ue process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Here, the record reflects that a prison official found the bindle on Petitioner during a body search; that Petitioner admitted possessing a bindle of "dope;" and that the bindle contained eight smaller, individually wrapped pouches. This evidence could support the prison board's finding of guilty of conspiracy to introduce a controlled substance

1 with intent to distribute. *See id*. at 455–56 ("[T]he relevant question is whether there
2 is any evidence in the record that could support the conclusion reached by the
3 disciplinary board.").

4     Accordingly, the Court concludes Judge Skomal issued an accurate report and
5 well-reasoned recommendation that the petition be denied. The Court
6 **OVERRULES** Petitioner's objections and **ADOPTS** the Report and
7 Recommendation in its entirety. The Court **DENIES** Petitioner's petition with
8 prejudice.

### CERTIFICATE OF APPEALABILITY

10     Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the
11 district court must issue or deny a certificate of appealability when it enters a final
12 order adverse to the applicant." A certificate of appealability is not issued unless
13 there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. §
14 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could
15 debate whether the petition should have been resolved in a different manner or that
16 the issues presented were adequate to deserve encouragement to proceed further.
17 *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), quoting *Slack v. McDaniel*, 529
18 U.S. 473, 484 (2000).

19     For the reasons set forth in the Report and Recommendation and incorporated
20 by reference herein, the Court finds that this standard has not been met and therefore
21 **DECLINES** to issue a certificate of appealability in this case.

22     The Clerk of Court is instructed to close the case.
23     **IT IS SO ORDERED.**

25 DATED: May 15, 2014

*[signature: Michael M. Anello]*

Hon. Michael M. Anello
United States District Judge